UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRANCIS ANDERSON,<br><br>             Plaintiff,<br><br>  v.<br><br>L. RAMOS, ROSS FABER, MATYS,<br>MICHAEL LAJOIE, AND GERMOND,<br><br>             Defendants. | PRISONER<br>No. 3:10 - CV - 1928 (CSH)<br><br>MAY 21, 2013 |

**RULING ON MOTION FOR RECONSIDERATION**

**HAIGHT, Senior District Judge**:

**BACKGROUND**

Plaintiff Francis Anderson is an inmate currently incarcerated at Northern Correctional Institution in Somers, Connecticut. On December 8, 2010, he filed a civil rights action *pro se,* seeking leave to proceed *in forma pauperis,* 28 U.S.C. § 1915, against Connecticut Department of Correction employees. On January 3, 2011, Magistrate Judge William I. Garfinkel denied Plaintiff's *in forma pauperis* application pursuant to the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." In the case in suit, at least three of Plaintiff's prior civil cases or appeals

filed under 28 U.S.C. § 1915 were dismissed as frivolous.[1]  *See* Doc. #3, p. 2.  Moreover, "[a] thorough review of the [P]laintiff's complaint reveal[ed]" that he made no allegations of "imminent danger of serious physical injury" at the time of the filing of the Complaint.[2]  *Id.*  (citing *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002) ("language of § 1915(g) makes clear that the 'imminent danger' exception only applies to danger existing at the time the complaint is filed")). Magistrate Judge Garfinkel thus denied Plaintiff's motion to proceed *in forma pauperis* and ordered Plaintiff to pay the mandatory filing fee within thirty (30) days of the date of the ruling. *Id.*, p. 3.

On September 7, 2012, after Plaintiff failed to pay the filing fee within the requisite thirty days, this Court dismissed the case without prejudice, pursuant to Rule 41(b), Fed. R. Civ. P. Doc. #4. The Court specified in the Order of Dismissal that "[a]ny motion to reopen this dismissal shall be accompanied by the $350.00 filing fee and demonstrate good cause for failing to comply with the court's order." *Id.*

## DISCUSSION

Pending before the Court is Plaintiff's Motion for Reconsideration of the denial of his motion for leave to proceed *in forma pauperis* (Doc. #3). *See* Doc. #8. For the reasons set forth below, Plaintiff's motion is both untimely and deficient in substance and must therefore be denied.

---

[1]  Magistrate Judge Garfinkel cited the following 4 cases: *Anderson v. Lateer, et al.*, 3:04cv943 (RNC) (dismissed November 12, 2004); *Anderson v. Bush, et al.*, 3:04cv815 (RNC) (dismissed December 1, 2004); *Anderson v. Lynch*, 3:00cv2414 (RNC) (dismissed July 23, 2001); *Anderson v. Collins, et al.*, 3:98cv2516 (DJS) (dismissed May 31, 2001).

[2]  Magistrate Judge Garfinkel noted that, in particular, Plaintiff had made "no allegations regarding the use of excessive force or retaliatory conduct since June 2010" – *i.e.*, "over five months before the filing of this action." Doc. #3, p. 2. The Court thus concluded that Plaintiff had "not alleged that he is in imminent danger of serious physical injury" at the requisite time of the filing of the Complaint. *Id.*

First of all, Local Rule of Civil Procedure 7(c)(1) mandates that a motion for reconsideration "shall be filed and served within fourteen (14) days of the filing of the decision or order from which such relief is sought." D. Conn. L. Civ. R. 7(c)(1). Under the so-called "prison mailbox rule," "[p]risoners are considered to have filed their documents on the day they give them to prison officials for mailing." *Edwards v. Arnone,* No. 3:11-cv-1537 (AVC) , 2012 WL 879235, at *1 (D. Conn. Mar. 13, 2012) (citing *Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir.1993), *modified on other grounds*, 25 F.3d 81 (2d Cir.1994)). *See also Houston v. Lack*, 487 U.S. 266, 270 (1988). Plaintiff's handwritten date at the top of his motion was "September 17, 2012," some two months before the motion was filed in the Clerk's Office on November 26, 2012. Even if one accepts September 17, 2012 as the effective filing date, that date fell well beyond fourteen days following the entry of Magistrate Judge Garfinkel's ruling from which Plaintiff seeks relief (Doc. #3, filed January 3, 2011). A "failure to timely file a motion for reconsideration may constitute sufficient grounds for denying the motion." *See, e.g.*, *Palmer v. Sena*, 474 F. Supp. 2d 353, 354 (D. Conn. 2007). The courts of this District have frequently enforced Local Rule 7(c) to deny such untimely motions for reconsideration. *See, e.g., Derisme v. Hunt Leibert Jacobson, P.C.*, No. 3:10cv244 (VLB), 2011 WL 5403056, at *1 (D. Conn. Nov. 8, 2011).

Second and alternatively, granting Plaintiff leniency as a *pro se* litigant and exercising discretion to address the motion, the Court finds the motion deficient in substance.[3] Specifically,

---

[3] "It is well established that a court is ordinarily obligated to afford a special solicitude to *pro se* litigants." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (citing, *inter alia, Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir.2006); *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir.1988)). The Court is thus mindful of its duty to review a *pro se* litigant's pleadings with leniency.

Plaintiff may have drafted his motion for reconsideration after miscalculating the proper date

Plaintiff has failed to establish the existence of any factual matter or controlling decision that was overlooked by the Court in its previous ruling. D. Conn. L. Civ. R. 7 (c)(1); *see Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995) ("The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"); *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992), *cert. denied*, 506 U.S. 820 (1992) ("The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"). Put simply, a "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided," *Shrader*, 70 F.3d at 257.

In the pending motion, Plaintiff simply states that "[h]e was maliciously abused by prison guards, and sent to[] the ER for medical treatment" and that "[h]e is suffering irreparable harm in the hands of the defendants." Doc. #8, p. 1. In so stating, he presents no factual matter or controlling decision that was overlooked by the Court in its previous ruling. The fact remains that

---

for filing based on the entry date of the Court's Order of Dismissal (Doc. #4, filed September 7, 2012) – rather than the entry date of Magistrate Judge Garfinkel's ruling denying his *in forma pauperis* application (Doc. #3, filed January 3, 2011). Moreover, in addition to possible difficulties in filing from prison, Plaintiff encountered the need to refile his motion after the Court's mandatory return of submission based on Plaintiff's failure to sign the certificate of service and/or the motion itself. Doc. #7. The Court may consider case–specific facts to grant leniency with respect to timeliness. *See, e.g., Palmer v. Sena*, 474 F. Supp.2d 353, 355 (D. Conn. 2007) ("Although this fact [of the motion's untimeliness] alone is sufficient grounds for denying the motion, the court will nevertheless exercise its discretion to consider [plaintiff's] motion for reconsideration at this time."); *Lopez v. Smiley,* 375 F. Supp.2d 19, 21 (D. Conn.2005) ("Ordinarily, a failure to timely file a motion for reconsideration constitutes sufficient grounds for denying the motion. However, in this case, the Court will exercise its discretion to address [plaintiff's] untimely motions for reconsideration.").

while incarcerated, Plaintiff brought "on 3 or more prior occasions" actions or appeals in federal court that were dismissed on the grounds of frivolousness, and these prior filings prevent him from proceeding *in forma pauperis* unless he was "under imminent danger of serious physical injury" when he filed the action, 28 U.S.C. § 1915(g). A review of his Complaint confirms the Court's prior conclusion that Plaintiff failed to allege that he was "under imminent danger of serious physical injury" at the time he submitted that complaint to the Court for filing. 28 U.S.C. § 1915(g). Any claim that Plaintiff may now be subject to physical injury at the hands of the Defendants fails to satisfy the requirement that he be in danger of serious physical harm *at the time he filed the Complaint*. In so finding, the Court reminds Plaintiff that his action has been dismissed without prejudice. Doc. #4.

## CONCLUSION

For all of the foregoing reason's Plaintiff's Motion for Reconsideration (Doc. # 8) is DENIED. Plaintiff is advised that both the Ruling denying his application to proceed *in forma pauperis* **(**Doc. #3**)** and the Order (Doc. #4) dismissing the case remain in effect. Accordingly, this case shall remain closed.

Dated:   New Haven, Connecticut
             May 21, 2013

                                        */s/Charles S. Haight, Jr.*
                                        CHARLES S. HAIGHT, JR.
                                        SENIOR UNITED STATES DISTRICT JUDGE